UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED WHITE,<br><br>            Petitioner,<br><br>  v.<br><br>KATHLEEN DICKINSON, Warden,<br><br>            Respondent. | 1:10-CV-02121 AWI GSA HC<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. #12] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**[1]

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Stanislaus, following his conviction by jury trial on March 10, 2005, of second degree murder (Cal. Penal Code § 187). On April 18, 2005, Petitioner was sentenced to serve an aggregate indeterminate term of 40 years to life in state prison.

Petitioner appealed the conviction to the California Court of Appeals, Fifth Appellate District. On October 5, 2006, the appellate court affirmed the judgment. Petitioner then sought review in the California Supreme Court. On December 30, 2006, the California Supreme Court

---

[1] This information is derived from the petitioner, the motion to dismiss, and the exhibits to the motion to dismiss.

denied review.

Petitioner then filed three post-conviction challenges to the judgment in the state courts as follows:

<u>Fifth District Court of Appeals</u>
Filed: July 6, 2009;
Denied: December 22, 2009;

<u>California Supreme Court</u>
Filed: March 12, 2010;
Denied: September 29, 2010;

<u>Stanislaus County Superior Court</u>
Filed: April 21, 2010;
Denied: May 14, 2010.

(<u>See</u> Resp't's Motion to Dismiss, Exs. 4-9.)

On October 20, 2010[2], Petitioner filed a federal petition for writ of habeas corpus in this Court. On February 18, 2011, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner filed an opposition on April 13, 2011. Respondent filed a reply on July 14, 2011.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. <u>See</u>, <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

---

[2] Although the petition was filed in this Court on November 15, 2010, it was signed by Petitioner on October 20, 2010. Pursuant to the mailbox rule, the Court will deem the petition filed on October 20, 2010, the date Petitioner presumably handed his petition to prison authorities for filing. <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988).

Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period.  Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on October 20, 2010, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year limitations period on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, the petition for review was denied by the California Supreme Court on December 20, 2006. Thus, direct review concluded on March 20, 2007, when the ninety (90) day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). The statute of limitations commenced on the following day, March 21, 2007, and expired one year later on March 20, 2008. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir.2001). Here, Petitioner delayed filing the instant petition until October 20, 2010, exceeding the due date by 31 months. Absent any applicable tolling, the instant petition is barred by the statute of limitations.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely, or it was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). If the state court states the petition was untimely, "that [is] the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was "entangled" with the merits." Carey, 536 U.S. at 226; Pace, 544 U.S. at 414.

As previously stated, the statute of limitations began to run on March 21, 2007, and expired on March 20, 2008. Petitioner did not file any post-conviction applications for collateral relief in the

state courts in that time frame. His first state habeas petition was filed in the California Court of Appeals on July 6, 2009, over fifteen months after the limitations period had expired. Since the limitations period had already expired, he is not entitled to statutory tolling. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir.2001).

Accordingly, the federal petition remains untimely.

D.  Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

In his opposition, Petitioner makes a claim for equitable tolling based on mental incompetence. He claims that "he is a developmentally disabled prisoner within the meaning of the ADA Amendment Act of 2008." (See Pet'r's Opp'n at 1.) He states that upon his arrival to the California Department of Corrections and Rehabilitation (CDCR) Reception Center, he was interviewed by a counselor and classified as having a developmental disability, and he was placed within the CDCR Developmental Disability Program. He states he was arbitrarily removed from the program on or about October 17, 2005, when he was transferred to the California Medical Facility. He alleges that Respondent caused an unconstitutional state impediment to his timely filing by failing to provide services to him as a developmentally disabled prisoner. He states that he was not able to file a petition until only recently when he received the aid of a fellow inmate. Petitioner also claims the statute of limitations should be tolled until the time his inmate assistant discovered the factual predicate for his claims. None of Petitioner's arguments merit equitable or statutory tolling.

Mental incompetency can, in certain circumstances, rise to the level of an "extraordinary circumstance" beyond a petitioner's control that warrants equitable tolling. Laws v. Lamarque, 351

F.3d 919, 923 (9th Cir.2003). However, the circumstances must be exceptional. See <u>Rhodes v. Senkowski</u>, 82 F.Supp.2d 160, 168-70, 173 (S.D.N.Y. 2000); <u>also</u> <u>U.S. v. Sosa</u>, 364 F.3d 507, 512 (4th Cir.2004) ("As a general matter, the federal courts will apply equitable tolling because of petitioner's mental condition only in cases of profound mental incapacity"). In addition, Petitioner must show that the alleged mental incompetence "in fact" caused him to fail to file a timely habeas petition. <u>Laws</u>, 351 F.3d at 923.

Recently, in <u>Bills v. Clark</u>, 628 F.3d 1092 (9th Cir. 2010), the Ninth Circuit had occasion to consider when a petitioner's mental condition may constitute an extraordinary circumstance justifying equitable tolling of the untimely filing of a habeas petition. In <u>Bills</u>, the Ninth Circuit set forth a two-part test to determine a petitioner's eligibility for equitable tolling due to mental impairment:

> (1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control, see [<u>Holland v. Florida</u>, 560 U.S. __, 130 S.Ct. 2549, 2562 (2010)], by demonstrating the impairment was so severe that either
>
>   (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
>
>   (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance. See <u>id</u>.

<u>Bills</u>, 628 F.3d at 1099-1100.

In this case, Petitioner claims he is mentally incompetent and was arbitrarily denied classification as developmentally disabled. The record belies this argument. As noted by Respondent, Petitioner was determined at trial to be competent. (<u>See</u> Resp't's Reply, Ex. 1.) During trial, the defense called Dr. Gary Westcott of Valley Mountain Regional Center[3] to testify. Dr. Westcott stated that the term "developmentally disabled person" refers to people who are substantially handicapped as a result of mental retardation, epilepsy, autism, cerebral palsy, or

---

[3]VMRC is a nonprofit agency established to supervise and assist those persons identified as suffering from developmental disabilities. (<u>See</u> Resp't's Reply, Ex. 2 at 2.)

conditions similar to mental retardation that require similar services. (See Resp't's Reply, Ex. 2 at 2.) Dr. Westcott stated that he tested Petitioner's cognitive ability using the Wechsler Intelligence Scale and other similar tests. (See Resp't's Reply, Ex. 2. at 3-4.) The testing resulted in Petitioner achieving a full-scale IQ score of 82, which placed Petitioner in the 18th percentile of the population. (See Resp't's Reply, Ex. 2 at 5.) According to the testing, Dr. Westcott determined Petitioner was not developmentally disabled. (See Resp't's Reply, Ex. 2 at 6.) Had Petitioner scored 70 or below, and suffered from an adaptive deficit, he would have been considered developmentally disabled. (See Resp't's Reply, Ex. 2 at 6-7.) Dr. Westcott stated that Petitioner's profile was "consistent with somebody who has a specific learning disability that may have hampered their ability to learn in reading or in mathematics, for example - - probably in his case, probably more reading than mathematics - - but that is not necessarily indicative of a real low overall intellectual ability." (See Resp't's Reply, Ex. 2 at 11-12.)

     Petitioner fails to establish grounds for equitable tolling. First, he is not mentally disabled; nor does he suffer from a mental illness or condition subject to fluctuation. Petitioner concedes this fact but requests equitable tolling based on his "developmental disability." Petitioner fails to demonstrate a severe extraordinary circumstance, because Petitioner is not developmentally disabled as he claims. As noted above, Petitioner tested well above the range to be considered developmentally disabled. Although Petitioner was found to suffer from a learning disability and scored low in his verbal skills, he still tested in the 18th percentile range for overall intellectual ability. The 18th percentile is in the low range, but it is far from extraordinary. Moreover, even if his learning disability and illiteracy affected his ability to prepare a petition, he fails to show that these conditions rendered him incapable of seeking assistance. In fact, Petitioner did seek and obtain the assistance of a fellow inmate. Therefore, Petitioner fails to demonstrate that his alleged mental impairment was an extraordinary circumstance so severe as to render him unable rationally or factually to understand the need to timely file, prepare a petition, effectuate its filing, or seek assistance in the preparation and filing of his petition. Additionally, there is no basis to Petitioner's claim of a state-created impediment by virtue of the failure of prison authorities to classify Petitioner as developmentally disabled and provide services to him as such, for the simple reason that

1 Petitioner is not developmentally disabled.

2   In sum, Petitioner fails to demonstrate that he has been pursuing his rights diligently, and that
3 some extraordinary circumstance stood in his way. Pace, 544 U.S. at 418. Equitable tolling is not
4 warranted.

5   Alternatively, Petitioner argues he should be entitled to a later start date for the limitations
6 period based on 28 U.S.C. § 2244(d)(1)(D), which states that the limitations period shall run from
7 "the date on which the factual predicate of the claim or claims presented could have been discovered
8 through the exercise of due diligence." The objective standard in determining when time begins to
9 run under Section 2241(d)(1)(D) is "when the prisoner knows (or through diligence could discover)
10 the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254
11 F.3d 1150 (9th Cir.2001), *quoting*, Owens v. Boyd, 235 F.3d 356, 359 (7th Cir.2000). In his
12 opposition, Petitioner argues the statute of limitations should not commence until the time his inmate
13 assistant discovered his ineffective assistance of counsel claim.

14   Petitioner is not entitled to statutory tolling pursuant to § 2244(d)(1)(D) because all of the
15 facts supporting the ineffective assistance of counsel claim were known to Petitioner or readily
16 discoverable at any time during trial or thereafter. As recited above, the relevant date is when
17 Petitioner knows, or through diligence could discover, the evidence. Here, Petitioner did not act with
18 the requisite diligence.

19   Accordingly, the petition is untimely, and Respondent's motion to dismiss should be granted.

20   **RECOMMENDATION**

21   Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be
22 GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to
23 comply with 28 U.S.C. § 2244(d)'s one year limitation period.

24   This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United
25 States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule
26 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.
27 Within thirty (30) days after date of service of this Findings and Recommendation, any party may
28 file written objections with the Court and serve a copy on all parties. Such a document should be

1  captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the
2  Objections shall be served and filed within fourteen (14) days after service of the Objections.  The
3  Finding and Recommendation will then be submitted to the District Court for review of the
4  Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure
5  to file objections within the specified time may waive the right to appeal the Order of the District
6  Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

   **IT IS SO ORDERED.**

   **Dated:   July 20, 2011**                    /s/ **Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE